**UNITED STATES of America, Plaintiff,**

v.

**Isidoro ALFARO, et al., Defendants.**

**No. 84–282–Cr–EPS.**

United States District Court,
S.D. Florida,
Miami Division.

Sept. 17, 1984.

Amelia A. Gomez, Asst. U.S. Atty., Miami, Fla., for plaintiff.

Bennet Lapidus, Geoffrey Fleck, Jerry Burford, Miami, Fla., for defendants.

## MEMORANDUM OPINION AND ORDER AFFIRMING MAGISTRATE'S REPORT AND RECOMMENDATION AND DENYING DEFENDANTS' MOTION TO SUPPRESS

SPELLMAN, District Judge.

THIS CAUSE came on to be heard before the Court on a review of the findings of fact and report and recommendation of United States Magistrate Charlene H. Sorrentino relative to the Defendants' Motion to Suppress which was heard by Judge Sorrentino on August 24, 1984.

The magistrate made an initial finding of "standing". After reviewing the testimony and the five photographs that were placed into evidence, the magistrate found that the Defendants did not have "any reasonable expectation of privacy to the open deck of this boat" (Tr. 123). In addition, Judge Sorrentino found that a valid arrest based on probable cause had been made of the Defendants and, therefore, the search of the vessel in question was incident to that arrest.

This Court has reviewed the testimony and photographs offered into evidence, as well as the findings of the magistrate.

Based upon this Court's independent review of such record and the arguments of counsel, it is

ORDERED AND ADJUDGED that the magistrate's findings of fact, report and recommendations be and the same are hereby affirmed and followed and the Defendants' Motion to Suppress be and the same is hereby denied.

A substantial amount of the marijuana appeared on the deck of the boat in question and was accessible to the Florida Marine Patrol officer observing the same by merely picking up the corner of a raincoat covering one of the bales. It is obvious that no reasonably prudent individual would expect to find such expectation of privacy on the deck of a cigarette motor vessel.

For the sake of argument, if it could be assumed that the contention by the Defendants established that the marijuana was covered by a single tarp that had been clipped systematically to the deck, the Court's finding would be no different. It is not the particular means used to secrete the contraband but rather the degree to which one could reasonably anticipate an expectation of privacy based on the location of the contraband that is germane.

With regard to the latter theory expounded by the magistrate, assuming a reasonable expectation of privacy, the Court is of the opinion that one need not go to the extent that the magistrate did in this case in finding probable cause for the arrest of the Defendants and, therefore, having the search incident to that arrest. It is obvious from the testimony of the officers that they had become suspicious of the motor vessel because of its location and how it was riding in the water. The officers testified that a decision to board the vessel and to proceed with the standard inspection was made as the Marine Patrol boat approached the vessel. The inspection was rendered unnecessary when a strong odor of marijuana was discerned some 20 to 30 feet from the vessel. This strong odor, coupled with the other facts observed by the Marine Patrol officers, constituted probable cause for the subsequent seizure of the marijuana.

Defense counsel, based on an experiment before the magistrate regarding the odor emanating from a single bale of marijuana, suggests that this Court find the testimony of the officers as it pertains to the strong odor of the marijuana to be incredulous. Such an experiment would be analogous to claiming that if a farmer was blindfolded and could not readily ascertain whether or not one steer was occupying an acre of land that the same would be true if he was blindfolded and there were 27 such steer and a calf on the same acre. This Court for one would take judicial notice of the fact that the farmer's assessment would be much more accurate and reliable in the latter circumstance.